# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**JAMES CORTEZ ARNOLD (ADC #114047)**                          **PETITIONER**

v.                                                                                                   No. 3:13CV140-A-V

**RAY HOBBS, ET AL.**                                                                                 **RESPONDENTS**

## MEMORANDUM OPINION

This matter comes before the court on the September 11, 2012, petition [Doc. 2] of James Cortez Arnold for a writ of *habeas corpus* under 28 U.S.C. § 2241. The State has moved [Doc. 16] to dismiss the petition for failure to state a claim upon which relief could be granted, and Arnold has moved [Doc. 17] to withdraw his petition – or for the court to hold the petition in abeyance until he can exhaust state remedies. For the reasons set forth below, the instant petition for a writ of *habeas corpus* under 28 U.S.C. § 2241 will be dismissed for failure to exhaust state remedies.

### Facts and Procedural Posture

The petitioner, James Arnold, is in the custody of the Arkansas Department of Corrections, (Ray Hobbs, Director) in the Varner Supermax Unit located in Grady, Arkansas. Arnold is incarcerated for multiple drug offenses in Arkansas. On August 12, 2009, Arnold was indicted for three counts of possession of a controlled substance in Tunica County, Mississippi. [Doc. 2], p. 18. An Order issuing an Alias Capias was entered August 18, 2009. [Doc. 2], p. 20. The Tunica County Circuit Clerk's Office confirmed that these charges are pending.

### Discussion

In his petition for a writ of *habeas corpus*, Arnold raises the following claim *pro se*:

**Ground One:** Violation of U.S. Cont. Amend. 6 Right to a Speedy Trial.

Arnold acknowledges that he has not exhausted state remedies for this claim, alleging that "no

non-futile remedy exists in the State of Mississippi Courts." [Doc. 2], p. 4. He requests *habeas corpus* relief because he believes that the delay in resolving his Mississippi charges violates his right to a speedy trial. *Id.*

Arnold has not been convicted or sentenced; as such, he is not a state inmate. Instead, he is a "pre-trial detainee," and court construes the present petition as one filed under 28 U.S.C. § 2241. In *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 93 S.Ct. 1123 (1973), the United States Supreme Court held that a pre-trial detainee has a right to seek federal *habeas corpus* relief. *Id.*, 410 U.S. at 488-89. "Federal *habeas corpus* does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Id.* at 489. A petitioner is not permitted to derail "a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Id.* at 493. Further, there is "an important distinction between a petitioner who seeks to 'abort a state proceeding or to disrupt the orderly functioning of state judicial processes' by litigating a speedy trial defense to a prosecution prior to trial, and one who seeks only to enforce the state's obligation to bring him promptly to trial." *Brown v. Estelle,* 530 F.2d at 1280, 1283 (5th Cir. 1976).

Generally, there are two types of relief sought by a prisoner who asserts a pretrial habeas corpus petition:

> [A]n attempt to dismiss an indictment or otherwise prevent a prosecution is of the first type, while an attempt to force the state to go to trial is of the second. *While the former objective is normally not attainable through federal habeas corpus*, the latter is, although the requirement of exhaustion of state remedies still must be met.

*Id.* (emphasis added). "In other words, a federal court may generally consider a habeas petition for pretrial relief from a state court only when the accused does not seek a dismissal of the state court charges pending against him." *Greer v. St. Tammany Parish Jail,* 693 F. Supp. 502, 508 (E.D. La.

1988). If a petitioner is attempting to prevent the prosecution of his case, then he is seeking to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes." *Brown,* 530 F.2d at 1282-83; *Braden,* 410 U.S. at 489.

### Claim Seeking Dismissal of Pending Criminal Charges

To the extent Arnold argues that the pending Mississippi charges should be dismissed, such a request "is not attainable through federal habeas corpus." *Brown,* 530 F.2d at 1283. Accordingly, Arnold's request for *habeas corpus* relief is not an available remedy based on the allegations of the instant petition, absent "special circumstances." *See Dickerson v. State*, 816 F.2d 220, 227 (5th Cir. 1987)(citations omitted). The Fifth Circuit declined to accept the petitioner's analysis that the Sixth Amendment right to a speedy trial was a *per se* "special circumstance." Doing so "would eliminate the careful distinction drawn by the court in *Braden* and reiterated in cases like *Brown* and *Atkins* [*v. People of State of Mich.*, 644 F.2d 543, 546-47 (6th Cir. 1981)] between a defendant disrupting the orderly functioning of a state's judicial processes as opposed to enforcing his right to have the state bring him promptly to trial." *Id*.

In the present case Arnold does not argue that "special circumstances" warrant disruption of the state's judicial process. Thus, to the extent that Arnold seeks to terminate the state criminal case against him, that claim will be dismissed with prejudice for failure to state a claim upon which habeas relief may be granted.

### Arnold's Claim Seeking a Speedy Trial

Arnold may, however, be seeking to compel the State of Mississippi to proceed to a trial on the criminal charges against him. Arnold has not, however, exhausted that claim in state court. Because

the State of Mississippi is not a signatory to the Interstate Agreement on Detainers[1], no statutory or contractual authority required Mississippi to take custody of Arnold for purposes of prosecuting his Tunica County charges prior to his release from Arkansas custody. More importantly, Arnold has filed no motion for speedy trial in the Tunica County Circuit Court. As such, the Mississippi Supreme Court has had no opportunity to address this claim. Once Arnold has presented his claim to the Mississippi Supreme Court, he may return to this court to seek relief.

In sum, Arnold's request for dismissal of the charges against him will be dismissed for failure to state a claim upon which relief could be granted, and his request to compel the State of Mississippi to bring him to trial in a timely fashion will be dismissed without prejudice for failure to exhaust state remedies. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 21st day of October, 2013.

    /s/ Sharion Aycock
**U.S. DISTRICT JUDGE**

---

[1] The Interstate Agreement on Detainers Act ("IADA"), is a compact entered into by forty-eight states and the United States whose purpose is to efficiently dispose of outstanding criminal charges brought against prisoners incarcerated in other jurisdictions. The IADA's provisions apply only to the "contracting States." *See Hunter v. Samples*, 15 F.3d 1011, 1012 (11th Cir. 1994) and *Remeta v. Singletary*, 85 F.3d 513, 517 (11th Cir. 1996). Mississippi is not a signatory to the Interstate Agreement on Detainers. *See Smothers v. State*, 741 So. 2d 205 (Miss. 1999). Therefore, since Mississippi is not a contracting or party state to the IADA, any provision contained therein is not applicable to the instant case. In any event, IADA violations are generally not cognizable in *habeas corpus* proceedings. *Seymore v. Alabama*, 846 F.2d 1355, 1359 (11th Cir. 1988), *cert. denied*, 488 U.S. 1018, 109 S.Ct. 816, 102 L.Ed.2d. *See also Hunter v. Samples*, 15 F.3d at 1012 (IADA violations are not cognizable in *habeas corpus* proceedings absent a showing that the violation prejudiced the rights of the accused by affecting or impugning the integrity of the fact-finding process).

It is unclear, however, whether – in a case such as this, where the accused is incarcerated in another jurisdiction – a state's failure to move forward to trial in an expeditious manner could – in and of itself, without regard to the IADA – result in a violation of the accused's right to a speedy trial. As Arnold has not exhausted his state remedies, the court need not address that issue at present.